FRANCISCO DE FREITAS *v.* ISABELLA DE FREI-
TAS, AS ADMINISTRATRIX OF THE ESTATE
OF JOE DE FREITAS.

No. 1293.

EXCEPTIONS FROM CIRCUIT COURT FIFTH CIRCUIT.
HON. L. A. DICKEY, JUDGE.

SUBMITTED DECEMBER 21, 1920.          DECIDED DECEMBER 23, 1920.

COKE, C. J. KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*exceptions—rejected evidence—record.*

This court will not consider an exception to the sustaining of
an objection to a question when the record does not disclose any
offer to show what the answer would be and that the answer
would be material and competent evidence.

SAME—*same.*

An exception which does not bring to the attention of this
court some specific question of law which was presented to the
lower court is too general to be considered by this court.

OPINION OF THE COURT BY KEMP, J.

This action of replevin to recover five head of cattle
or their value, alleged to be one hundred ninety dollars
($190), was commenced in the district court of Lihue,
County of Kauai. Judgment was had in favor of the
defendant and the plaintiff appealed to the circuit court
of the fifth circuit, where a trial was had jury waived,
and the defendant again prevailed. The matter is here on
exceptions eight in number, six of which relate to the
exclusion of evidence offered by the defendant, one to the
decision and one to the judgment.

All of the exceptions relating to the exclusion of evi-
dence come clearly within the rule announced in *Yim Fat
v. Gleason,* 24 Haw. 210, to the effect that this court will
not consider an exception to the action of the trial court

in sustaining an objection to a question asked a witness when the record does not disclose any offer to show what the answer will be and that the answer would be material and competent evidence. None of the exceptions discloses what answer was expected to any of the questions the answers to which were excluded upon objection. We cannot presume that the answers would have been material or in favor of defendant in the absence of a showing as to what the answers would be. The exceptions to the exclusion of evidence must therefore be overruled.

The remaining exceptions are as follows:

Exception No. 7. Thereafter a decision in writing was filed in said cause finding for the defendant, to which decision the plaintiff excepted and the exception was allowed.

Exception No. 8. Thereafter final judgment was filed in the cause, adjudging in favor of the defendant, to which judgment the plaintiff excepted, and the exception was allowed.

These exceptions clearly come within the ruling in *Ripley & Davis* v. *Kapiolani Est.*, 22 Haw. 507, to the effect that exceptions must be sufficiently definite and specific to call to the attention of this court a point of law which was called to the attention of the trial court affecting the legality of its ruling thus giving the lower court the opportunity to correct its ruling if erroneous.

The exceptions before us are not sufficiently definite to call to our attention any point of law which was called to the attention of the circuit court affecting the legality of its ruling.

The exceptions should therefore be and they are overruled.

*E. K. Aiu* for plaintiff.

*P. L. Rice* for defendant.