## ALBERTA GILLIAM *v.* HARRISON A. GERHARDT.

### No. 2317.

ARGUED NOVEMBER 9, 1937.                    DECIDED FEBRUARY 19, 1938.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

In this action the plaintiff-appellee, Alberta Gilliam, sued Harrison A. Gerhardt, defendant-appellant, for dam-

ages for personal injuries sustained while riding as a guest passenger in an automobile owned and operated by Wilma N. Harmony on Ala Wai Boulevard in the city of Honolulu at about one o'clock a. m. on the morning of May 10, 1936. The trial of the cause before a jury in the circuit court resulted in a verdict for appellee in the sum of $8750. The appellant brings the cause to this court on exceptions.

On the night of the accident Miss Harmony, accompanied by the appellee, was driving her automobile in a northerly direction along Ala Wai Boulevard and as she was in the act of making a left turn therefrom into Liliuokalani Avenue the right rear wheel of her automobile was struck by the automobile operated by the appellant which was proceeding in a southerly direction on the Ala Wai. The force of the impact drove the Harmony car to a position near the right-hand curb of Liliuokalani Avenue, hurling both the appellee and Miss Harmony out of the car and upon the lawn of a private residence. The appellee sustained serious physical injuries. There is no controversy over the fact that an accident occurred nor that appellee was thereby injured through no fault of hers. The main issue in the case involved the question of fixing the blame for the accident. The appellee endeavored throughout the trial below to show that her injury was due solely to the negligence of appellant. On the other hand the appellant claimed that he was free from fault; that at all times he had operated his car in a safe and cautious manner and that the accident was due to the carelessness of Miss Harmony in that she suddenly and sharply cut across the front of his car as he was proceeding along Ala Wai Boulevard, leaving him with insufficient space or time to avoid the collision. If appellee's injuries were the result of the concurrent negligence of Miss Harmony and the appellant, they being joint tort feasors, plaintiff could proceed against either or both of them, but if her injuries were due to the sole negli-

gence of appellant she must recover, if at all, from him alone. Enough has been said to indicate that the main issue in the case was one of ascertaining the identity of the person or persons whose negligence caused the accident and the consequent injury to appellee.

Appellant's exception number I relates to the ruling of the court below permitting appellee, over the objection of appellant, to introduce before the jury testimony of Miss Harmony to the effect that at no time anterior to the present occurrence had she ever been involved in an automobile accident.

Prior to the trial in the court below and because she was about to depart from the Territory the deposition of Miss Harmony was, pursuant to section 3872, R. L. 1935, and the stipulation of counsel, taken before the clerk of the circuit court and introduced at the trial by appellee. At the taking of the deposition and while Miss Harmony was being interrogated by counsel for appellee in connection with the accident in question and following her testimony to the effect that she had driven an automobile for approximately ten years she was asked: "Had you ever had an automobile accident previous to May the 10th?" To this question counsel for appellant interposed an objection on the grounds of incompetency, irrelevancy and immateriality. The objection was noted in the record and at the trial when the deposition was offered, counsel for appellant renewed his objection which was overruled, the court permitting the question and answer to be read to the jury. To this ruling the appellant's counsel saved an exception. Appellant now urges that the evidence was prejudicial to him in that it permitted the jury to indulge in the inference that Miss Harmony must have operated her car with due care on the occasion in question because in the past she had not suffered an accident.

It seems to be a universal rule that it cannot be shown

as bearing upon the question of negligence on a particular occasion that a person whose conduct is involved was careful and prudent on other occasions. (22 C. J. 744, 746.) The reason for the rule has its foundation in the broad doctrine that the evidence produced must correspond to the allegations and be confined to the points in issue. Evidence on a collateral issue may be relevant if the fact which it tends to establish will prove or disprove the fact in issue. But to render the evidence of collateral facts competent there must be some natural, necessary or legal connection between them and the inference or result which they are designed to establish. The rule, however, excludes all evidence of collateral facts or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute because such evidence tends to draw away the minds of the jury from the point in issue and to excite prejudice and mislead them.

"In actions based on negligence it is irrelevant to prove that the plaintiff or the defendant has, on similar occasions, been careful or negligent; in like manner it is irrelevant to show that either party has theretofore had the reputation of being prudent or negligent." 2 Jones on Evidence, pp. 1192, 1193. This doctrine was announced in the early case of *Morris* v. *Town of East Haven,* 41 Conn. 252, where the court said: "Every case has of course its peculiar circumstances, and these must be taken into consideration in determining whether or not in that particular case reasonable care was exercised. Hence, what would be reasonable care in one case, might fall far short of it in another, and consequently the question whether it was exercised in one case, would throw no light upon the question whether it was exercised in another." (See also *Kelty* v. *Fisher,* 199 Pac. 188; *Dunham* v. *Rackliff,* 71 Me. 345; *Gannon* v. *Sisk,* 112 Atl. 697; *Tenney* v. *Tuttle,* 1 Allen [Mass.] 185.)

The obvious effect of the question propounded to Miss

Harmony was to mislead the jury into the belief that because she had not been involved in any previous automobile accident it was proper to infer that in the present case she was free from blame. This opened the door to irrelevant side issues prejudicial to the appellant and was calculated to do his case great harm. The evidence should have been excluded and the failure of the trial court to sustain appellant's objection entitles him to a new trial.

Because a retrial of the case will be had a brief consideration and discussion of the remaining exceptions will perhaps be useful.

Exception number II is waived by appellant. Exceptions numbered III and VI are found to be without merit and are overruled.

Exceptions numbered IV and IX may be considered together. They relate to the refusal of the court to grant appellant's motion for an involuntary nonsuit on the ground that there was "not one scintilla of evidence before the Court or Jury showing negligence on the part of Defendant" and upon the further ground that the evidence produced before the court and jury shows affirmatively that appellant was not negligent but that the driver of the automobile in which plaintiff was riding as a passenger was negligent, and to the court's refusal to give appellant's instruction number I, which was based upon the same ground set forth in his motion for a nonsuit. A careful review of the record leads us to the conclusion that while the evidence upon the issue of negligence was conflicting, sufficient was shown by evidence of a substantial character amounting to more than a scintilla which, if believed by the jury, would as a matter of law support a verdict against appellant.

Appellant's exception number V as set forth in his bill of exceptions reads: "Harrison A. Gerhardt, Defendant above named, being sworn as a witness on his own behalf,

was asked on cross-examination the following questions and gave the following answers: 'Q. The first time you got that idea was when I mentioned it here in the Court room. I called your attention and the Court's attention to the headlights passing across your field of vision diagonally in front of you as you were proceeding up the road. A. Candidly I believe that is the exact description I gave to Mr. Ouderkirk. Q. So you talked it over with Mr. Ouderkirk? A. Yes. Q. And the insurance agent at von Hamm Young?' to which latter question Defendant objected upon the ground that counsel had no business mentioning that sort of thing (insurance) in this matter, following which objection the following proceedings occurred: 'Mr. Davis: I think I have a right to ask the question. I think the question is proper. The Court: Counsel has the right to interrogate the witness as to persons with whom he may have discussed the matter.'. The Court then instructed the Jury: 'The Jury will disregard the question of insurance or anything of that sort. That has nothing to do with this case.' to which ruling of the Court an exception was duly noted and allowed (Transcript page 79 as corrected by the Court upon hearing for allowance of bill of exceptions Transcript Page ........)."

It is urged by appellant that the reference to insurance was a deliberate attempt on the part of counsel for appellee to inject into the case a foreign issue solely for the purpose of wrongfully influencing the jury and for which reason he is entitled to a new trial; that notwithstanding the prior decision of this court in *Choy* v. *Otaguro,* 32 Haw. 543, which apparently holds to the contrary, the rule uniformly adhered to by both the Federal and state courts is that, unless for the purpose of impeachment, or showing interest or bias of a witness or for some like reason coming within the exception to the rule, which did not exist in the *Choy* v. *Otaguro* case and which is not present here, in an action for personal injuries or death the fact that the defendant is

protected by indemnity insurance against liability or damage cannot willfully be injected into the case and the violation of this rule is held to be reversible error. Technically such evidence is inadmissible because it is irrelevant. It has no bearing upon the issue of the liability of the defendant. The more substantial reason, however, for enforcing the rule in cases of this nature is that disclosing the fact that the defendant carries indemnity insurance suggests to the jury that an insurance company is the real defendant and will be required to pay any judgment that may be recovered by plaintiff. Knowledge of this fact may create prejudice in the minds of the jury resulting in a miscarriage of justice. (See 56 A. L. R. 1418; 74 A. L. R. 850; 95 A. L. R. 388; *Brown* v. *Walter,* 62 F. [2d] 798; *James Stewart & Co.* v. *Newby,* 266 Fed. 287, 295; *Chrisman* v. *United States,* 61 F. [2d] 673; *Hankins* v. *Hall,* 54 Pac. [2d] 609; *Squires* v. *Riffe,* 211 Cal. 370; *Simpson* v. *Foundation Co.,* 201 N. Y. 479; *Toombs* v. *Texas Oil Co.,* 260 N. Y. S. 773.)

But we are precluded from the review of the error complained of because the principle involved is not properly reserved in the bill of exceptions. The only exception to the ruling of the court followed the court's instruction to the jury to disregard the element of insurance but whether the exception was by appellant or the appellee we are left in entire ignorance and even were we to assume that appellant reserved the exception the error complained of would still remain the subject of speculation and conjecture. Appellant did not urge the immateriality of the information sought to be elicited by the question, neither did he assign the asking of the question as misconduct on the part of counsel, nor did he interpose a motion requesting the trial judge to discharge the jury and declare a mistrial. In this state of the record appellant's exception number V is wholly deficient. It points out no specific error of which he complains and therefore cannot be considered. It has been uni-

formly held in this jurisdiction that an exception which brings to the attention of this court no specific question of law presented to the trial court is too general to be considered in the appellate court. (*Ripley & Davis* v. *Kapiolani Estate,* 22 Haw. 507; *De Freitas* v. *De Freitas,* 25 Haw. 717.) In the case of The "Francis Wright," 105 U. S. 381, 389, the Supreme Court of the United States said: "Every bill of exceptions must state and point out distinctly the errors of which complaint is made. It ought also to show the grounds relied on to sustain the objection presented, so that it may appear the court below was properly informed as to the point to be decided." (See also *Northern Pac. R. Co.* v. *Charless,* 51 Fed. 562, 571; *Marion Phosphate Co.* v. *Cummer,* 60 Fed. 873, 877.)

Exception number VII relates to the giving by the court of appellee's instruction 12 as modified. The modified instruction reads: "Plaintiff in this case contends that the evidence shows that defendant was negligent in failing to keep a proper lookout for other automobiles approaching at or near the intersection of Ala Wai Boulevard and Liliuokalani Avenue and in failing to apprehend or see the maneuver of the automobile driven by Miss Harmony at or near said intersection in time to avoid colliding with the same by slackening his speed or stopping or turning out to his left, and also in neglecting and failing to have his automobile under such control that he could have slackened his speed or stopped or swerved or turned to the left and thus have avoided a collision with the automobile of Miss Harmony. If you find from a fair preponderance of the evidence that defendant did not act as a reasonably prudent person under the circumstances and was thereby negligent in any one or more of said above enumerated contentions of plaintiff, then it will be your duty to find a verdict in favor of plaintiff and against defendant, unless you find that plaintiff was guilty of contributory negligence." Ap-

pellant's objection to the above instruction is based on his claim that there is no evidence to support the instruction. With this we cannot agree. Sufficient was shown to warrant the jury in finding that appellant did not act as a reasonably prudent person under the circumstances and was negligent because of his failure to keep a proper lookout for approaching automobiles or because of his failure in other respects to do what a reasonably prudent person would have done under the circumstances. Hence instruction number 12 as modified by the court was unobjectionable.

Exception number VIII relates to appellee's instruction number 22. This instruction reads: "You are instructed that it is the law that where two persons are concurrently negligent and their concurrent negligence injures another person, that they are joint tort feasors and are jointly and severally liable to the injured person in damages for their negligence and such injured person may sue both or either one of said joint tort feasors separately to recover damages for his injury. Therefore, if you find and believe from the evidence in this case by a fair preponderance thereof that both Miss Harmony and the defendant Gerhardt were concurrently negligent, and as a result of their concurrent negligence the plaintiff in this case suffered injury and damage, she has a perfect right to sue the defendant, Gerhardt, separately and recover from him the total amount of her damage and injury, and you will in such event not concern yourselves with the question of the failure of the plaintiff to make Miss Harmony a joint defendant together with defendant Gerhardt." The objection is directed to the final paragraph in the instruction, "and you will in such event not concern yourselves with the question of the failure of the plaintiff to make Miss Harmony a joint defendant together with defendant Gerhardt." It is the general rule that instructions should be confined to issues made by the

pleadings, but in the observance of the rule a trial court is not without certain latitude. The instruction not only embodied a fundamentally sound statement of the law but was necessary to dispel possible confusion and doubt in the minds of the jury and to confine them solely to the issues and parties involved in the cause.

Exception number X relates to the refusal of the trial judge to give to the jury paragraphs two and three of appellant's instruction number 12. The instruction as requested reads: "You are instructed, gentlemen of the jury, that it is the duty of a motorist who is proceeding on a main highway and who intends to make a left-hand turn into an intersecting street, to make reasonable and careful observations to ascertain that such movement can be made in safety prior to attempting such turn. Accordingly, if you believe from a preponderance of the evidence in this case that Miss Harmony was operating her automobile with rain on the windshield thereof and without the aid of a workable windshield wiper, and that her vision of oncoming traffic and the roadway ahead was thus blurred and indistinct, and if you further believe from a preponderance of the evidence that Miss Harmony saw lights of an automobile approaching her, at a point in close proximity to her position, then it was her duty, as a matter of law, not to attempt a left hand turn across the path of such oncoming traffic until she could determine with reasonable certainty that such movement could be made in safety. In the absence of such reasonable certainty, it was her duty, as a matter of law, to stop and allow such oncoming traffic to pass. If you find from a preponderance of the evidence that Miss Harmony, in attempting a left-hand turn, violated her lawful duty, as set forth in this instruction and that such violation of duty was the sole proximate cause of Plaintiff's injuries, then you will render your verdict for Defendant." The rejected portion of the instruction correctly stated the law on the

issues presented and the subject had not been dealt with by any other instruction given to the jury and should have been given as presented. "Where instructions are asked which correctly state the law on any issue presented it is error to refuse them unless the points are adequately covered by the instructions given." *Nawelo* v. *von Hamm-Young Co.*, 21 Haw. 644, 649.

Appellant's exceptions I and X embodied in his bill of exceptions are sustained, the verdict and judgment herein are reversed and set aside and a new trial ordered.

*W. R. Ouderkirk* (Henshaw & Ouderkirk on the briefs) for appellant.

*C. H. Tracy* (C. S. Davis with him on the brief) for appellee.