## TERRITORY *v.* CHONG PANG YET.

### No. 1518.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

ARGUED FEBRUARY 26, 1924.                    DECIDED MARCH 5, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CRIMINAL LAW—*checks without funds given in payment of past indebtedness—intent to defraud.*

A conviction of the offense of violating section 4007, R. L. 1915, relating to the issuance of checks without funds in the bank may be had where the check was given in part payment of an existing indebtedness.

SAME—*evidence—intent to defraud—evidence of the commission of other offenses of a kindred nature to the offense charged.*

Where the intent of the accused is in issue evidence of other acts and doings of the accused of a kindred character are admissible as tending to show his intent in the particular case for which he is being tried.

OPINION OF THE COURT BY LINDSAY, J.

Appellant was tried and convicted before a jury upon a charge of, on the 23d day of June, 1923, violating section 4007, R. L. 1915, by wilfully making, drawing, uttering and delivering to one Ko Chin a check on the Liberty Bank for the sum of $500 with intent to defraud the payee, the appellant knowing that he had not sufficient funds or credit with the bank to meet such check upon its presentation, from which conviction appellant has come here upon writ of error.

The first error relied on by appellant is in effect that the verdict of conviction is contrary to the law, the evidence and the weight of the evidence. At the time the check was given appellant was indebted to the complain-

ing witness in an amount exceeding $500, and the check given purported to be in part payment of said indebtedness.  Such being the case, appellant contends that the complaining witness was defrauded of nothing and therefore the conviction cannot be sustained.  It is argued by appellant that, since he obtained nothing from the complaining witness in return for the worthless check, the complaining witness, after receiving the check, was not defrauded and was in no wise worse off than he was before.

With this contention we cannot agree and we cannot say as a matter of law that, by reason of the deception practiced upon him by appellant, the complaining witness was not defrauded.  At the time the check was given the creditor had the right to receive immediate payment of the debt due him and to take immediate steps towards the recovery thereof, and he was deprived and defrauded of such right by being induced to forego, albeit for a limited time, the immediate enforcement of his right.

The only other error relied upon is the admission of testimony, over the objection of the defendant, showing the giving by defendant of a check to another person than the complaining witness upon a different bank, the defendant not having sufficient funds or credit in said bank to meet the same.

Testifying on his own behalf at the trial, defendant admitted having given the check for $500 to the complaining witness; and that at that time he knew that he had neither funds nor credit with the bank sufficient to meet the check when presented.  Defendant also testified that, when he gave the check, he told the complaining witness that he had no funds in the bank, and that complaining witness agreed to hold the check until a later period at which time defendant expected to have sufficient funds on deposit at the bank.  This was denied by the complain-

ing witness.   Defendant further testified that in giving the check in question he had no intent to defraud the complaining witness.

Upon cross-examination defendant admitted that, although knowing he had not sufficient funds or credit in the Liberty Bank, he had, shortly before giving the check complained of, given several other persons checks upon the same bank.   Over the objection of defendant, the prosecution was allowed to ask defendant whether he had not on June 13, 1923, given to Chong Kwong Sing a check on the bank of Bishop & Company for $200, at that time not having sufficient funds or credit with Bishop & Company to meet the same.   Counsel for defendant in his brief concedes that, for the purpose of proving that defendant knew that his funds were not sufficient, it was competent for the prosecution to show that, immediately prior to giving the $500 check on the Liberty Bank, defendant had given other checks on that bank but that the admission of testimony showing that he had given a check upon a different bank was erroneous and prejudicial to defendant in that such testimony could have no bearing upon the issue.

It is the general rule that, on a prosecution for a particular offense, evidence which shows or tends to show that the accused has committed another offense wholly independent of that for which he is on trial, even though it is an offense of the same sort, is irrelevant and inadmissible.   16 C. J. p. 586.   There are, however, numerous exceptions to this rule, one of which is that, where it is necessary to show a particular criminal intent as constituting an ingredient factor of the offense charged, evidence of other offenses similar to that charged is admissible.   In the case at bar the charge against defendant is that he gave the worthless check *with intent to defraud* the payee.   The question of fraudulent intent was directly

in issue and the evidence complained of was therefore relevant and admissible as tending to show that intent. As was said by the Supreme Court of the United States speaking through Mr. Justice Story in *Wood* v. *United States,* 16 Pet. 342, 360, "The question was one of fraudulent intent or not; and upon questions of that sort, where the intent of the party is matter in issue, it has always been deemed allowable, as well in criminal as in civil cases, to introduce evidence of other acts and doings of the party, of a kindred character, in order to illustrate or establish his intent or motive in the particular act directly in judgment. Indeed, in no other way would it be practicable, in many cases, to establish such intent or motive, for the single act, taken by itself, may not be decisive either way; but when taken in connection with others of the like character and nature, the intent and motive may be demonstrated almost with a conclusive certainty." To the same effect see *Clarke* v. *The People,* 53 Colo. 214; *The State* v. *Hetrick,* 84 Kan. 157; *Commonwealth* v. *Farmer,* 218 Mass. 507, 512; *People* v. *Hoffmann,* 142 Mich. 531, 557, 558; *State* v. *Sparks,* 79 Neb. 504, 510, 511.

The judgment of the trial court is affirmed.

*I. M. Stainback* (also on the briefs) for plaintiff in error.

*N. D. Godbold,* Deputy City and County Attorney (*W. H. Heen,* City and County Attorney, with him on the briefs), for the Territory.