## TERRITORY OF HAWAII *v.* CLARENCE C. CAMINOS.

### Nos. 2680 AND 2681.

ARGUED JUNE 14, 1950.    DECIDED AUGUST 28, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY TOWSE, J.

Following trial by jury upon two consolidated indictments of seven counts, each charging the receipt of bribes, the defendant was found guilty and sentenced to aggregate terms of imprisonment and fines of ten years and $5,000, respectively.

The first count of the first indictment alleged: "That Clarence C. Caminos, at the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this Honorable Court, on or about the 18th day of August, 1945, he, the said Clarence C. Caminos, being then and there an executive officer, to-wit, a duly commissioned, appointed and acting police officer of the Police Department of the City and County of Honolulu, Territory aforesaid, in disregard of his office as a police officer, and perverting the trust reposed in him, and for the private gain of him, the said Clarence C. Caminos, under color of his office, did, unlawfully, corruptly, wilfully and feloniously take, accept and receive of one Paul Au, then and there being, the sum of Nine Hundred Dollars ($900.00),

in money, a more particular description of which is to the Grand Jury unknown, as a bribe, gift and gratuity under an agreement and with an understanding that he, the said Clarence C. Caminos, would not, in the exercise of his function in his capacity, as a police officer aforesaid, apprehend and arrest the said Paul Au, Alfred B. T. Choy and Robert Hosoi, also known as Harry Hosoi, and divers and sundry other persons, to the Grand Jury unknown, for conducting, carrying on, playing and engaging in gambling and gambling games in the City and County of Honolulu, in violation of and prohibited by the laws of the Territory of Hawaii, which matter of the said apprehension and arrest was then and there pending and which might by law come and be brought before him, the said Clarence C. Caminos, in his official capacity aforesaid, and did then and there and thereby commit the crime of receiving a bribe, contrary to the form of the statute in such case made and provided."

Except as to the date of the receipt of the alleged bribe and the amount thereof, the other four counts of the indictment are laid in the same words as the first count.

The first indictment alleges payments and the receipt of bribe moneys paid to the defendant during the period August 18, 1945, to and including September 16, 1945, at seven-day intervals. The dates and the amounts laid in the respective counts are:

Count 1, on or about August 18, 1945, the sum of $900; count 2, on or about August 25, 1945, the sum of $500; count 3, on or about September 2, 1945, the sum of $2000; count 4, on or about September 9, 1945, the sum of $500; count 5, on or about September 16, 1945, the sum of $900.

The second indictment contains two counts and is laid in the same words as the first indictment. Count 1 alleges

receipt of $3,900 on or about January 6, 1946; count 2, the receipt of $2,100 on or about January 13, 1946.

The crime charged in each of the seven counts is defined in section 11071 of Revised Laws of Hawaii 1945, as follows:

"Every executive, legislative, judicial or civil officer, or any master in chancery, or any person acting or summoned as a juror; or any appraiser, referee, arbitrator or umpire, who corruptly accepts any gift, gratuity, beneficial service, or act or promise of either, under an agreement or with an understanding that he shall in the exercise of any function in his capacity as aforesaid, vote, decide, or act in any particular manner in any cause, question, proceeding or matter pending or that may by law come or be brought before him, shall be punished by imprisonment at hard labor not more than five years, or by fine not exceeding one thousand dollars."

The seven separate crimes are temporally laid as consecutive weekly bribe payments during two periods; the first period, the latter part of the year 1945; and the second period, during the month of January 1946. Though not alleged in either indictment as a continuing offense, the theory of the prosecution and the evidence in support thereof were both of that nature and character. All seven counts being identical in terms and verbiage, except as to dates of the separate specific offenses and amounts, the two indictments were consolidated for trial for the reason, *inter alia,* that in each indictment the same persons were involved in what appeared to be one single transaction of bribe giving and bribe taking.

Upon conviction under each indictment writs of error issued. A motion to consolidate the causes in this court was granted. There are forty-six assigned errors in each case. Of these seventeen are relied upon and, as con-

632

solidated, will be considered jointly.

Assignment of errors numbered 20, 21, 22, 23 and 24, being specified errors relied upon numbered 4, 5, 7, 8 and 9, are directed to the receipt in evidence of the testimony of five witnesses on behalf of the Territory of Hawaii. The plaintiff in error alleges prejudicial and reversible error in the admission of their testimony upon the ground that the testimony constitutes evidence of the commission, by the defendant as well as by another person, of other separate and independent crimes than that for which he was then upon trial.

We have meticulously reviewed the record, considered all the specifications of errors relied upon, and conclude that it is upon specified errors numbered 4, 5, 7, 8 and 9 that disposition of the two causes rests. We find no merit in the contentions urged in respect of the other specifications, and that no error was committed by the trial court in respect of the remaining twelve.

We are not here concerned with the rule of evidence permitting inquiry of a witness of prior criminal convictions as affecting his credibility or the weight of his testimony. The question presented is whether the admission in evidence of the testimony of the five witnesses as proof of the commission by the defendant of separate independent crimes, other than those for which he was indicted and tried, constituted prejudicial and reversible error under the facts presented by the record. The substance of their testimony was:

The witness Thomas G. Rodenhurst testified that in the month of November 1945, he was a lieutenant in the Honolulu Police Department in charge of the Pearl City police station, and the defendant was captain of the vice squad in Honolulu; that the defendant came to Pearl City and approached the witness upon the subject of assisting

him, the defendant, in establishing cockfighting under police protection in that district. He assured the witness that "you'll get yours." The cockfighting was to be transferred from district to district thereafter to evade detection. Defendant was to make all arrangements with the witness's superior officers in the country district. The witness testified that he would have no part of the scheme, and refused to participate.

The witness Lawrence C. Loo, an admitted professional gambler, testifying under immunity from prosecution, corroborating the testimony of William C. Clark, the principal witness for the prosecution, stated that he operated a gambling game in Honolulu during the months of August and September, 1945, until the early part of 1946; that on behalf of the establishment he paid William C. Clark, a police sergeant on the vice squad then serving under the defendant, the sum of $700 per week for protection against vice squad raids. He further testified that he collected the sum of $700 per week from another professional gambler in Honolulu during the year 1945 and also gave this money to Clark for the same purpose. The witness was not an owner or partner in the latter establishment, but acted only as a messenger for delivery of the money to Clark without remuneration, and as an accommodation to the owner. The payments were made under an arrangement whereby the witness met Clark each week and gave him the sum of $1,400 in currency in two rolls of $700 each. These payments continued for a period of ten months.

The witness Richard Kazuo Mikami, on rebuttal, testified that during the months of November and December 1945, he was employed at a service station in Pearl City at which the defendant purchased gasoline; that on one occasion at the service station in the month of November

1945, he gave the sum of $200 to the defendant for prior rental of the defendant's beach cottage at Mokuleia, Oahu. He had occupied the cottage for a time during the years 1943 and 1944. This witness could not recall whether at the time of tender of the $200 he told the defendant that the money was for police protection in operating a gambling game in the rear of the service station. The prosecution was apparently surprised at this failure of recollection. Thereupon attempt was made to impeach the witness by a showing that he had in fact told this to the defendant in making a prior inconsistent statement in the office of the public prosecutor. The witness, however, maintained that he tendered the sum for rental of the beach cottage, the defendant initially refusing to accept it but later doing so. He further maintained that the payment was not in connection with gambling of any nature.

The witness Jose Tantog, on rebuttal, testified that he had known the defendant since the defendant had arrested him for conducting a gambling game in his home; that he had been maintaining this game for a week prior to arrest; that he thus first met the defendant in November or December in the year 1944; that he gave the defendant $20 on one occasion and other small sums on three or four other occasions when the defendant came to his home with other police officers in the year 1944 while he was conducting gambling games in his home. He testified that the defendant had arrested him even after he had made these payments. The witness further testified that in the latter part of the year 1944 or early 1945, he gave the defendant a twelve-foot boat after the defendant had offered to purchase it and he had refused to accept payment.

The witness Catalino Proprios, an admitted professional gambler engaged in cockfighting, on rebuttal testi-

fied that he had known the defendant since the year 1932; that the defendant had told him to run gambling games (assumedly cockfighting) and charged him $25 each week for one year, commencing in 1943. The witness periodically made these payments directly to the defendant at the witness's home. The defendant was a lieutenant stationed at the Wahiawa police station at the time, and had arrested the witness many times (more than the witness could recount) for gambling and cockfighting during the years 1943, 1944 and 1945.

The rule firmly established in policy, tradition, and law, is that evidence, the purpose of which is to prove that a defendant on trial for one crime has committed other separate and independent crimes, is inadmissible. The purpose of the rule is to forbid and prevent the conviction of an accused for one crime by the use of evidence that he has committed other crimes, wherefrom the inference may be drawn that because he had committed other crimes he was more liable to commit the crime for which he was indicted and tried.

"The fundamental principle is that evidence must be relevant to the facts in issue in the case on trial and tend to prove or disprove such facts; evidence as to collateral facts is not admissible. Accordingly, as a general rule, evidence of other acts, even of a similar nature, of the party whose own act or conduct or that of his agents and employees is in question, of other similar transactions with which he has been connected, of a former course of dealing, of his conduct or that of his agents and employees on other occasions, or of his particular conduct upon a given occasion is not competent to prove the commission of a particular act charged against him, unless the acts are connected in some special way, indicating a relevancy beyond mere similarity in certain particulars. This rule

obviously excludes evidence of all collateral facts or of those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute. Thus, as a general rule, proof that the accused in a criminal case has committed another and separate offense is not competent for the purpose of proving that he is guilty of the offense with which he stands charged. * * * The general rule has long been established that res inter alios acta are incompetent evidence. The rule is not, however, confined to transactions with which one of the parties is not connected, but includes similar transactions between the same parties." 20 Am. Jur., Evidence § 302, pp. 278-281, and cases cited in footnotes therein.

"The general rule, which is subject to exceptions * * * is that, on a prosecution for a particular crime, evidence which shows or tends to show that accused has committed another crime wholly independent of, and unconnected with, that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible, and such evidence of an independent crime is inadmissible for the reason, among others, that it ordinarily does not tend to establish the commission by accused of the offense charged, that accused must be tried for one offense at a time, and that, in accordance with the more extensive general rule, which applies to all cases, civil or criminal, the evidence must be confined to the point in issue * * *.

"Another view of the principle is that it is not competent to prove one crime by proving another, and that one accused of crime is to be convicted, if at all, by proof of the commission of that crime alone, even though he has put his character in issue. Proof that accused committed other crimes, even if they were of like nature to that charged, is not admissible to show his depravity or criminal propensities, or the resultant likelihood of his committing

the offense charged; nor may such evidence be offered if it only tends to create a prejudice against accused in the minds of the jury." 22 C. J. S., Criminal Law § 682, pp. 1084-1089, and cases cited in footnotes therein.

As in the case of any general rule, however, exceptions have been engrafted which do, in certain circumstances and for specific limited purposes, permit evidence of the commission by the accused of crimes other than the one for which he is being tried. The exceptions are numerous. Their proper application is scrupulously safeguarded. When properly applied they are conducive to justice, but should not be so extended as to destroy the rule. The exception applicable to the instant cases relates to the admissibility of the testimony in question as probative of the corrupt intent which is in issue as an essential element of the crime charged.

"Whenever mental state, guilty knowledge, or scienter is an essential element of the offense charged, evidence is admissible of acts committed by the accused and his conduct at or about the time of the commission of the offense charged against him which tend to establish his knowledge or intent, his motive for the commission of the crime, the absence of mistake or accident or of a common scheme, plan, or system on his part, notwithstanding such evidence proves or tends to prove an offense other than that charged." 20 Am. Jur., Evidence § 313, pp. 293-295, and cases cited in footnotes therein.

"As a general rule, evidence of other offenses committed or attempted by accused is admissible to show, or when it tends to show, his criminal intent or purpose with respect to the offense charged, as tending to show his guilt thereof, and proper evidence which proves or tends to prove the particular intent is not to be excluded because it incidentally discloses the commission of an in-

dependent crime by accused, or an attempt or threat to commit one. More precisely, such a rule has been applied where the other offenses are of the same or a like nature, and were committed at about the same time, or at a time not too remote, where intent is in issue or is an essential or material element of the offense charged, where the other offenses are part of the same transaction as the one charged, or are so connected or related to it as to show intent or to have some tendency to prove its commission, or are so related that the mental state involved is practically continuous * * * ." 22 C. J. S., Criminal Law § 686, pp. 1100-1105, and cases cited in footnotes therein.

The exception, *supra*, is applicable where it conforms to all the prerequisites of its admissibility in a trial where the specific crime charged is that of receiving a bribe.

"In prosecutions for bribery, as in prosecutions for other offenses, the rule is that evidence which shows or tends to show that the accused has committed another crime independent of that for which he is being tried is inadmissible. The rule is merely an application of the general rule which restricts the evidence of facts relating to the point in issue and excludes evidence of collateral matters. There are several exceptions to the rule, however. In accordance with these exceptions, evidence of other crimes is admissible in prosecutions for bribery where it shows knowledge, intent, plan or system, etc., in the commission of the bribery." 8 Am. Jur., Bribery § 32, p. 903, and cases cited in footnotes therein.

" * * * but evidence of acts similar to the one relied on, intimately and directly connected with the particular accusation, is relevant, forms part of the same transaction, and is material to illustrate the knowledge and intent with which the particular act was committed, and rebut inferences of any honest intent or purpose." 11 C. J. S.,

Bribery § 14 (b), pp. 869, 871.

The testimony constituting specified errors 4, 5, 7, 8 and 9 was admitted under an assertion of materiality and competency under the indictments, as showing intent, scheme, general plan and relationship of the defendant to the particular type of crimes for which he was on trial.

That evidence of the commission by the defendant of separate and independent offenses of a kindred nature, where the intent of the accused is in issue is admissible, has been heretofore determined by this court in the following cases wherein the precise question was presented:

In the case of *Ter.* v. *Chong Pang Yet,* 27 Haw. 693, the offense charged was the issuance of a check by the defendant without sufficient funds in the bank. The defendant admitted giving the check in question to the complaining witness, further admitting that at the time he knew he had neither funds in nor credit with the bank sufficient to honor the check when presented. The defendant testified that when he gave the check in question to the complaining witness he told him he had no funds in the bank and that he had agreed to withhold presentation of the check until a later date. This was denied by the complaining witness. The defendant denied that he had any intent to defraud the complaining witness in giving him the check. Upon cross-examination the defendant admitted that, although knowing he had insufficient funds in and no credit with the bank, shortly before giving the check complained of he had given several other persons checks upon the same bank. The prosecution was thereupon allowed to question the defendant as to whether, on a previous occasion, he had issued a check on another bank, not having sufficient funds or credit therein to honor the check. On appeal, the defendant in error contended that the admission of the testimony upon the tender of the

640

prior check on another bank was erroneous and prejudicial and that it had no bearing upon the issue.

This court, in determining the issue, stated:

"In the case at bar the charge against defendant is that he gave the worthless check *with intent to defraud* the payee. The question of fraudulent intent was directly in issue and the evidence complained of was therefore relevant and admissible as tending to show that intent. As was said by the Supreme Court of the United States speaking through Mr. Justice Story in *Wood* v. *United States,* 16 Pet. 342, 360, 'The question was one of fraudulent intent or not; and upon questions of that sort, where the intent of the party is matter in issue, it has always been deemed allowable, as well in criminal as in civil cases, to introduce evidence of other acts and doings of the party, of a kindred character, in order to illustrate or establish his intent or motive in the particular act directly in judgment. Indeed, in no other way would it be practicable, in many cases, to establish such intent or motive, for the single act, taken by itself, may not be decisive either way; but when taken in connection with others of the like character and nature, the intent and motive may be demonstrated almost with a conclusive certainty.'" *Ter.* v. *Chong Pang Yet, supra,* at pp. 695, 696.

In the case of *Ter.* v. *Awana,* 28 Haw. 546, the defendant was convicted of the crime of embezzlement. One of the assigned errors was that evidence of similar offenses was improperly admitted for the reason that intent was not a necessary ingredient of the offense charged in the indictment, and that the evidence did not show, beyond a reasonable doubt, that the defendant was guilty of the other similar separate independent offenses.

The indictment charged embezzlement of a single

specific sum which, under the theory of the prosecution, was received by the defendant in the course of his official duties as a clerk in the Honolulu Water Works. At the trial other checks, ledger cards, stubs and receipts, evidencing payments by other water consumers to the Honolulu Water Works and embezzled by the defendant prior to the embezzlement charged in the indictment, were admitted in evidence.

This court, in affirming the application of the exception to the rule now before us that the evidence of similar offenses was admissible, stated:

"Evidence of other crimes similar to that charged is relevant and admissible when it shows or tends to show a particular criminal intent which is necessary to constitute the crime charged. That this evidence incidentally proves independent crimes is immaterial. ( * * * *Territory* v. *Chong Pang Yet*, 27 Haw. 693, 695.) Where a fraudulent intent is an essential ingredient of the crime of embezzlement the rule admitting evidence of other crimes similar to that charged tending to show a fraudulent intent is peculiarly applicable." *Ter.* v. *Awana, supra,* pp. 547, 548.

In further findings that the evidence of guilt of the defendant of the separate independent offenses need not be established beyond a reasonable doubt, this court said:

"We prefer the reasoning and the rule enunciated in *Commonwealth* v. *Robinson*, 16 N. E. (Mass.) 452, approved and followed in *State* v. *Hyde*, 136 S. W. (Mo.) 316, to the effect that the evidence of other crimes similar to that charged need only tend to prove the defendant guilty of such other crimes. The degree of proof required of the prosecution to entitle it to a conviction applies to the offense charged and every essential ingredient thereof. One of the essential ingredients of the embezzlement as

charged was a fraudulent intent. Hence the fraudulent intent must be proved beyond all reasonable doubt. It does not follow that a collateral matter from which intent may be inferred must also be proved beyond all reasonable doubt. To require such a degree of certainty would be unreasonable and cast a burden upon the prosecution in excess of what the protection of persons accused of crime requires." *Ter.* v. *Awana, supra,* p. 550.

We are of the opinion that the rule established in the *Awana* case is directly applicable to the instant appeals. The indictments are framed in the language of section 11071 of Revised Laws of Hawaii 1945 and allege in part: " * * * the said Clarence C. Caminos, under color of his office, did, unlawfully, corruptly, wilfully and feloniously * * * ." The term "corruptly," as used in the indictments, means an intent, motive and design by the defendant to pervert the public office and trust reposed in him as a police officer by not performing his official duties and apprehending and arresting those named in the indictments for conducting, carrying on, playing and engaging in gambling and gambling games, in violation of and prohibited by the laws of the Territory of Hawaii.

The defendant, as a witness on his own behalf, denied that he had received any moneys whatsoever constituting bribe payments. This denial, in addition to his plea of not guilty to the indictments, magnetized the question of intent directly into issue, imposing the burden of proof upon the Territory. Being thus required to prove corruptness on the part of the defendant, under the decisions, *supra,* the Territory was entitled to introduce any and all evidence competent and material for that purpose.

Upon review of the testimony of the five witnesses (specifications numbered 4, 5, 7, 8 and 9), we find that their testimony of the separate, independent, kindred

offenses is sufficiently related in character, time and place of commission, as to embrace them within the exception to the rule cited *supra* as competent and material evidence upon the issue of intent.

It is too well-established to require citations of authorities therefor that evidence of prior, separate, independent offenses may be introduced upon rebuttal. That the testimony of three of the witnesses was introduced on rebuttal, is immaterial. The record discloses ample foundation laid during the testimony of the defendant as a witness on his own behalf, and by other witnesses on behalf of the defense, warranting the admission of the testimony of these three witnesses on rebuttal.

Upon the record we further find that substantial testimony of the commission of the separate independent offenses in question was introduced which tended to prove the defendant guilty of the commission of those offenses.

The testimony, the subject of assignment of errors numbered 20, 21, 22, 23 and 24, was competent and material and its admission was not error.

Upon the record before us, we find the remaining twelve specifications relied upon to be without merit and that no error was committed by the court below in respect of any of them.

The judgments of the trial court are affirmed.

*P. A. Lee, O. P. Soares,* and *F. Patterson* (also on the briefs) for plaintiff in error.

*A. R. Hawkins,* Assistant Public Prosecutor (also on the brief), for defendant in error.