Charles Giles, Jr., a Minor by Charles Giles, Sr., His Father and Next Friend, Plaintiff-Appellant, v. Lee Keunnen, Defendant-Appellee.

Gen. No. 11,869.

Second District.

July 16, 1964.

Norman H. Small, and John C. Gekas, of Chicago (John C. Gekas, of counsel), for appellant.

Lawlor, Walsh & Sullivan, of Chicago (Dudley R. Sullivan and John J. O'Connor, of counsel), for appellee.

SCHEINEMAN, J.

This case involves a defendant driving an automobile which collided with a boy aged 6 riding a bicycle. The jury found in favor of the defendant, and judgment was entered thereon.

A number of errors are assigned, and it is contended that the verdict is contrary to the manifest weight of the evidence.

 This contention about the evidence is without merit. The collision occurred about 9 p.m. daylight

time in May. It was growing dark, and the defendant was driving at a reasonable speed with his lights on. Whether he was negligent or the collision was unavoidable under the conditions presented a typical jury question, and the verdict cannot be disturbed on the ground of the evidence.

Other assignments of error are more serious. As hereafter recited, defense counsel asked improper questions and pursued improper lines of inquiry with no objection from plaintiff's counsel or an objection not stated on a proper basis. Thus the rights of the minor plaintiff were not protected, and the defense obtained improper and highly prejudicial testimony which was used very effectively in closing argument.

██ It must be realized that a trial judge is reluctant to interfere with questioning of a witness when there is no objection, lest the jury believe he is favoring one side over the other. However, when a minor or other incompetent is involved, the onus is cast upon the judge to protect his rights.

> "(Whenever) . . . the minor himself, whether as plaintiff or defendant, has been brought into court, he at once becomes the ward of the court, whose duty it is to see that his rights, as such, are properly protected." Lloyd v. Kirkwood, 112 Ill 329; McReynolds v. Miller, 372 Ill 151, 22 NE2d 951.

This principle is not uniform in all the states. This is recognized in 3 Am Jur 249, Appeal and Error, which adds:

> "On the theory that the law jealously guards the rights of infants, and that they are the wards of the courts and are not to be prejudiced by any act or default of their guardian ad litem, the court being bound to protect their interests notwithstanding the failure of their guardian to do

so, the better rule seems to be that an Appellate Court will protect the rights of infants although no objection is made or exception taken in the trial court."

█ █ Whatever may be the rule in other states, this so-called "better rule" is clearly the law in Illinois. It is repeatedly held that the representative of an incompetent cannot waive his rights, and the court is bound to take notice of legitimate and substantial objections, whether raised by the guardian or not. Some of the cases applying this principle are as follows: Leonard v. Chicago Title & Trust Co., 287 Ill App 397, 5 NE2d 282; Laxy v. Laxy, 3 Ill App2d 156, 120 NE2d 881; Cartwright v. Wise, 14 Ill 417; Barnard v. Barnard, 119 Ill 92, 8 NE 320; Johnston v. Johnston, 138 Ill 385, 27 NE 930; Chicago, R. I. & P. R. Co. v. Kennedy, 70 Ill 350; Supreme Lodge A. O. U. W. v. Zuhlke, 129 Ill 298, 21 NE 798; Crawford v. Thompson, 161 Ill 161, 43 NE 617. Muscarello v. Peterson, 20 Ill2d 548, 170 NE2d 564.

█ █ The injured boy's father, who filed the suit as next friend, was called as an adverse witness, and was asked whether he had told several people this was an unavoidable accident. He admitted he had done so. The court should not have permitted such a question to be answered, as the nominal plaintiff cannot make admissions against the interest of his ward, and, of course, the admissions were emphasized in argument.

> "Where an action is prosecuted or defended in the name of a person other than the real party in interest, admissions of the nominal party are not competent to affect the real party, unless the admission was made while the nominal party possessed a beneficial interest in the subject matter

. . . Admissions of a guardian ad litem or next friend are not competent to affect the interest of the person whom declarant represents in the action." 31A CJS—Nominal Parties, 319; to a similar effect, see Latronica v. Royal Indemnity Co., 8 Ill App2d 337, 132 NE2d 16.

■ A police officer was asked whether he had made an arrest, and he admitted he had not, thus inferring that, in his opinion, the defendant was free of any guilt. Whether or not an arrest was made was wholly immaterial, and the inference was that the officer expressed an opinion on the ultimate question which the jury had to decide. Naturally, the closing defense argument extolled the experience and qualifications of the officer in stressing his inferred opinion (not admissible) that defendant was not negligent.

■ ■ The father of a 6-year-old girl, who had been a playmate of the boy at the time, was permitted to testify in response to defense questions, that his daughter told him she had warned the boy a car was coming. This obvious hearsay left no opportunity to cross-examine, as to where she and the boy were at the moment of the alleged warning, or whether it was timely or too late. A child of this plaintiff's age cannot be charged with contributory negligence. This improper testimony was included in closing argument along with assurances that the father's testimony could be relied on.

The defendant, testifying in his own behalf, was asked by his counsel and permitted to state, that he knew of nothing he could have done to avoid the collision. In closing argument, this statement was emphasized as coming from a licensed chauffeur as well as an experienced driver, thus presenting another expert opinion (on the ultimate jury question) that the accident was unavoidable.

393

■

This court expresses no opinion on the merits of the case, but in view of the improper and prejudicial testimony brought in by the defense, the plaintiff did not have a fair trial. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

CULBERTSON, P. J. and ROETH, J., concur.