WILLIAM THOMAS ROUSE, JR., BY HIS NEXT FRIEND, HELEN J. ROUSE
v. PAUL RICHARD HUFFMAN

No. 704SC183

(Filed 27 May 1970)

**Automobiles § 45; Evidence § 19; Negligence § 27— evidence that driver has had no previous accident**

In this action for personal injuries sustained in an automobile accident, the trial court erred in allowing defendant driver to testify that he had not been involved in any previous accidents, such evidence not being competent on the issue of the driver's negligence in the accident in question.

APPEAL from *Cowper, J.*, 12 November 1969 Session, ONSLOW Superior Court.

This is an action instituted by the plaintiff, William Thomas Rouse, Jr., through his next friend, Helen J. Rouse, to recover damages for injuries sustained as the result of an automobile accident that occurred on 19 January 1969 at approximately 6:30 P.M. The plaintiff's evidence tended to show the following facts: The plaintiff was riding as a passenger in a 1965 Chevrolet automobile being operated by his father in a northerly direction on U.S. Highway 17 toward Jacksonville, North Carolina. His father testified that as he approached the intersection where he wanted to turn to the left he gave a left turn signal and waited for several cars with their lights on to pass in the left lane. He had his automobile in low gear and as he began to make his turn he saw an automobile with no headlights on approaching. When he saw this vehicle he speeded up and attempted to cross the highway in front of this automobile. The collision occurred when the Rouse vehicle was approximately one-third in the left lane of the highway. The plaintiff and his father both testified that the accident occurred in a forty-five mile per hour speed zone in the early evening and that the defendant was traveling at a speed of fifty-five to sixty miles per hour and without his headlights on. The plaintiff testified that he was unconscious after the accident and that he has suffered a loss of health as a result of the accident.

After presentation of the evidence the court submitted two issues to the jury and the first issue as to negligence of the defendant was answered "No". From a judgment in favor of the defendant, the plaintiff appealed to the Court of Appeals assigning error.

*Joseph C. Olschner for plaintiff appellant.*

*E. W. Summersill for defendant appellee.*

HEDRICK, J.

The appellant in this case brings forward several assignments of error. His first contention is that the court below committed prejudicial error in allowing the defendant to testify that he had not been involved in any previous accidents. The record shows that the defendant, while on the stand and being examined by his own attorney, was asked if he had ever had an accident before the one which led to the present case. The attorney for the plaintiff objected and the court overruled the objection and allowed the defendant to answer the question. The defendant replied that he had never been involved in an accident prior to this.

It is the general rule that evidence that either party to an automobile accident, in which the injury sued for was sustained, had been a party to a similar accident prior to the one upon which the suit was based is inadmissible on the issue of negligence. 11 Blashfield, Automobile Law and Practice, Relevancy and Materiality — Operation of Vehicles, § 425.1; Annotation: "Admissibility, in civil motor vehicle accident case, of evidence that driver was or was not involved in previous accidents." 20 A.L.R. 2d 1210 et seq., and supplemental decisions. North Carolina is in accord with this general rule. In *Karpf v. Adams and Runyon v. Adams,* 237 N.C. 106, 74 S.E. 2d 325 (1953), the North Carolina Supreme Court stated: "As a general rule, evidence of other accidents or occurrences is not competent and should not be admitted." "Conversely, it is also generally held that evidence that a driver has not been involved in any prior accidents is not competent as to the issue of the driver's negligence in the accident in question." 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 943; cf. *Mason v. Gillikin,* 256 N.C. 527, 124 S.E. 2d 537 (1962).

The admission of the evidence in the present case that the defendant had not been involved in any prior accidents of a similar nature was prejudicial error entitling the plaintiff to a new trial.

Since the plaintiff is awarded a new trial it is unnecessary to discuss questions raised by the plaintiff's other assignments of error.

New trial.

BROCK and BRITT, JJ., concur.