STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD AGNASAN, also known as Ricardo L. DeLaura and Jungle, Defendant-Appellant

NO. 7362

JULY 11, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, JJ., AND RETIRED JUSTICE MARUMOTO, ASSIGNED BY REASON OF VACANCY

*Per Curiam.* Defendant-appellant Richard Agnasan was convicted by a jury for exercising "unauthorized control of a propelled vehicle."[1] Before trial appellant had filed two motions: (1) to suppress evidence obtained in violation of his constitutional rights[2] and (2) to limit in limine the testimony of prosecution witnesses by excluding any references to his involvement in other crimes because of their prejudicial effect. The court below denied both motions. On appeal from his conviction, appellant claims that the court erred in its denials. We affirm.

On April 23, 1978, while Officer Ron Moore was on foot patrol at Makaha Beach, he received a radio bulletin announcing that a light blue Volkswagen "bug" with the license number 1A-7649 was sought in connection with a theft. Shortly thereafter, he saw a car matching the description pull into a parking area near the beach. It was driven by appellant. Officer Moore immediately called the police dispatcher who confirmed that the observed license number was identical to the number heard on the previous broadcast. Officer Moore then asked that a motorized unit be sent to assist him. As the police officer approached the car, it was started up and driven onto the highway by appellant's female companion, Eileen Laine.[3]

---

[1] § 708-836, HRS, states:

(1) A person commits the offense of unauthorized control of a propelled vehicle if he intentionally exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.

(2) "Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.

(3) It is an affirmative defense to a prosecution under this section that the defendant reasonably believed that the owner would have authorized the use had he known of it.

(4) Unauthorized control of a propelled vehicle is a class C felony.

[2] Fourth amendment of the United States Constitution and art. I, § 7 of the Hawaii State Constitution.

[3] At the hearing for the motion to suppress, Officer Moore testified that during his investigation at Keaau Beach Park, appellant at first denied having driven the vehicle. Appellant later admitted that he had been at the wheel but because he had seen Officer Moore approaching them, he switched places with Ms. Laine.

The requested police unit arrived, picked up Officer Moore and followed the direction taken by the sought vehicle. The Volkswagen was spotted a short distance away parked in a public lot at the Keaau Beach Park.

Appellant was standing near the car and his female companion was seated on its backseat. Officer Moore recognized both as the occupants he had previously observed in the Volkswagen. He confronted them and asked to see their driver's licenses. Neither one could produce a license so both were promptly arrested for driving without licenses.

Officer Moore subsequently obtained the vehicle registration certificate. A computer check of the registration and license number confirmed that a 1963 Volkswagen was currently registered to Richard Agnasan and assigned the license number 1A-7649. The police officer's suspicion became aroused, however, when he saw a chrome emblem reading "1300" on the hood of the engine compartment. Having worked on Volkswagens, he knew that the "1300" designation was given only to 1966 models.

The officer also noticed that the tax sticker on the corner of the car's rear license plate had been altered.[4] The colored band had been cut from a current sticker and taped over the matching section of an expired sticker which was attached to the license plate.

Discovery of the spurious sticker led the officer to suspect that the car was not the 1963 Volkswagen described on the registration certificate. To confirm his suspicion, Officer Moore sought to compare the vehicle identification number against the number recorded on the car's registration certificate. He lifted the rear seat of the Volkswagen and found that the number, which is imprinted on the floorboard, had been effaced. A check for a second identification number in the spare tire compartment was equally fruitless. The plate on which the number is stamped had also been removed.

The absence of a discernible vehicle identification number prevented Officer Moore from ascertaining who

---

[4] The tax sticker is replaced annually to confirm payment of the State vehicle tax. A different colored band distinguishes the proper label for each year.

owned the car and whether the car was stolen. Consequently, appellant was only charged with the crimes of fraudulent use of license plates, fraudulent use of a tax emblem and defacing a serial number. However, a check of the car's engine number a day later confirmed that the vehicle was a 1966 Volkswagen reported stolen a few days earlier.[5] Appellant was thereupon charged for the convicted offense.

I. WHETHER THERE WAS PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES TO JUSTIFY THE OFFICER'S SEARCH OF THE AUTOMOBILE.

The United States Supreme Court has long recognized that automobile searches may be excused from the warrant requirement. The investigation officer must have probable cause for the search and exigent circumstances must exist for proceeding without a warrant. *Chambers v. Maroney*, 399 U.S. 42 (1970); *Carroll v. United States*, 267 U.S. 132 (1925). In *State v. Elliott*, 61 Haw. 492, 605 P.2d 930 (1980), we adopted the same views.

A. *Probable Cause*

In *State v. Chong*, 52 Haw. 226, 473 P.2d 567 (1970), this court reiterated its formula for determining probable cause:

Probable cause exists, as defined in the classic and often followed case of *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949),

where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in

---

[5] At trial, the vehicle's true owner testified that he had discovered the car missing on April 20, 1978. It was returned to him by the police on April 24, 1978 with a different ignition switch, gold paint on the rear fenders, the vehicle identification numbers removed and the license plates (4C-625) missing.

the belief that'' an offense has been or is being committed.
*Id*. at 231, 473 P.2d at 571.

We hold that the facts and circumstances known to Officer Moore while conducting his investigation formed a sufficient basis to warrant a man of reasonable caution to believe a crime had been committed. Accordingly, we find that probable cause existed for Officer Moore to conduct a search of the car.

## B. *Exigent Circumstances*

In *State v. Elliott, supra,* and *State v. Powell,* 61 Haw. 316, 603 P.2d 143 (1979), we discussed the requirement of exigent circumstances as they relate to the automobile exception. We do not deem it necessary to repeat the discussion here.

Suffice to say, appellant's car was parked in a public beach parking area. After appellant's arrest, there was a foreseeable risk that, because of the car's inherent mobility and its exposure in a public parking area, the car might be moved by either a friend or a confederate. We hold that exigent circumstances existed for Officer Moore to conduct the warrantless search of the car. *Cf. State v. Bennett,* 62 Haw. 59, 610 P.2d 502 (1980).

## II. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCES TO HIS INVOLVEMENT IN OTHER CRIMES.

Appellant contends that the trial court should have excluded evidence of (1) the police bulletin announcing that the Volkswagen was sought in connection with a theft; (2) his arrest for driving without a license; and (3) his arrest for fraudulent use of the tax sticker. These criminal references are asserted to have been irrelevant to proving the charge against appellant and, on balance, to have been more prejudicial than probative in establishing his guilt. We find no merit to this argument.

As a general rule, evidence which tends to prove that the accused committed a crime other than the one for which he is being tried is inadmissible. *Territory v. Caminos*, 38 Haw. 628, 635 (1950). However, the trial court may in its discretion admit such evidence after weighing its probative value against any prejudicial effect. *State v. Iaukea*, 56 Haw. 343, 349, 537 P.2d 724 (1975).

In *State v. Murphy*, 59 Haw. 1, 575 P.2d 448 (1978), this court outlined two tests for determining the admissibility of evidence involving other crimes.

> Under the first formulation, which encompasses a more liberal approach, evidence of other crimes is deemed to be admissible if it is found to be relevant and to have a tendency to establish the offense charged. The second (or "alternative") formulation, which is most often recited by courts around the country, is the more restrictive view that evidence of other crimes is inadmissible except when it helps to establish one of five issues: intent, motive, absence of mistake or accident, identity, or common scheme or plan.
>
> We chose . . . to base our decision regarding admissibility of the evidence of other crimes upon an analysis which independently utilized each of the above formulations. While we acknowledged that use of a combination of formulations had been criticized, we were reluctant . . . to rely upon one approach to the exclusion of the other.

*Id.* at 8, 575 P.2d at 454.

In the present case, appellant was convicted for assuming "unauthorized control of a propelled vehicle." A person commits this crime by (1) intentionally operating a vehicle without the owner's consent or (2) changing the identity of a vehicle without the owner's consent. In his defense, appellant contends he had purchased the vehicle without knowing it was stolen.[6]

---

[6] At trial, appellant claimed that he had purchased the car from a surfing acquaintance for $200 a few days before his arrest. Appellant knew the seller only as "Mark" and was unable to locate him for supportive testimony.

Applying either test for admissibility, the references to the police bulletin and to appellant's fraudulent use of a tax sticker were admissible at trial.

Under the liberal approach, evidence of the police bulletin linking the Volkswagen to a theft was relevant to show why the broadcast was made, why the car was being sought by the police, why the officer paid particular attention that appellant was the driver of the car, and why the police officer was particularly observant of the details of appellant's criminal activity. All of these facts tended to establish the offense charged.

Evidence of the fraudulent tax sticker tended to show that appellant's control of the stolen car was neither mistaken nor accidental, and that appellant changed the identity of the vehicle without authorization. We hold that introduction of evidence as to the full circumstances surrounding the detection and apprehension of appellant for the crime charged was clearly probative of the issues and of Officer Moore's credibility and that the need for such evidence outweighed any possible prejudicial effect.

The second approach leads to the same result. The police bulletin was instrumental in explaining Officer Moore's identification of appellant as the driver of the Volkswagen. The fraudulent sticker demonstrated both a common scheme whereby appellant sought to conceal his unauthorized use of the car and a concomitant absence of mistake on his part in maintaining vehicular control.

The admission of evidence regarding appellant's arrest for driving without a license was not relevant to proving the charge for which he was convicted. However, in view of the overwhelming evidence in the record establishing appellant's guilt beyond a reasonable doubt, we hold that the admission of evidence of his arrest, if it were error, was harmless.

Finally, the State had questioned appellant's standing to challenge the search of his vehicle. Since we have considered and rejected the merits of appellant's appeal, the issue of appellant's standing need not be addressed.

*Edmund K. U. Yee (Yamamoto & Yee* of counsel) for defendant-appellant.

*Peter Carlisle (Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.