FLORENCE C. FERREIRA, Individually and as Executrix of the Estate of Henry Ferreira, Plaintiff-Appellee, *v.* GENERAL MOTORS CORPORATION, Defendant-Appellant, and VIVIAN M. CARVALHO and CHARLES D. CARVALHO, Defendants

(CIVIL NO. 47570)

VIVIAN M. CARVALHO and CHARLES D. CARVALHO, Plaintiffs-Appellees, *v.* GENERAL MOTORS CORPORATION, Defendant-Appellant, and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; ROE GOVERNMENTAL ENTITIES 1-10, Defendants

(CIVIL NO. 48967)

NO. 7864

FEBRUARY 9, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In a wrongful death action and a personal injury case which were consolidated for trial, defendant General Motors Corporation ("GMC") appeals from the judgment in favor of Florence C. Ferreira ("Ferreira"), individually and as executrix of the estate of Henry Ferreira, and Vivian M. Carvalho and Charles D. Carvalho (collectively "the Carvalhos").

GMC asserts numerous grounds of error. However, the sole issue dispositive of this appeal is whether the trial court erred in admitting the testimony of Vivian M. Carvalho ("Vivian") indicating that during the 35 years she had been driving, she never received a traffic citation. We hold that the court erred and reverse.

In the afternoon of August 7, 1974, Vivian was returning home after a hairdresser's appointment. She was driving her 1973 Chevrolet Monte Carlo mauka (meaning "toward the mountain") on Kailua Road. She stopped for a red traffic light at the Waimanalo Junction intersection.

According to an eyewitness, when the light changed to green, the Monte Carlo "started up with a bang" and "spurted up [at] a high rate of speed . . . like it was drag racing." Another eyewitness testified that the Monte Carlo kept accelerating and reached the speed of about eighty miles per hour.

After swerving at high speed for about half a mile, Vivian attempted to drive the Monte Carlo into a vacant lot near the Auloa Road intersection. The Monte Carlo struck the guardrail dividing the highway and catapulted into a car driven by Henry Ferreira who sustained severe head injuries and died at the scene of the accident. Vivian sustained serious personal injuries.

On February 23, 1976, Ferreira, individually and as executrix of her deceased husband's estate, filed a wrongful death action against GMC and the Carvalhos in Civil No. 47570.[1] On July 30, 1976, the Carvalhos likewise sued GMC for damages in Civil No. 48967. On November 29, 1976, Civil Nos. 47570

and 48967 were consolidated for a jury trial which commenced on October 29, 1979.[2]

The gravamen of both actions against GMC was alleged production and assembly defects in the Monte Carlo's accelerator pedal assembly, throttle linkage, brakes and/or other parts. GMC's theory of the accident was that Vivian actually had been stepping on the accelerator and/or did not properly use the automobile's brake.

On November 9, 1979, the jury returned its special verdict finding that there was a manufacturing defect in the Monte Carlo and such defect was the proximate cause of the August 7, 1974 accident. The amended judgment on the special verdict was entered on February 8, 1980. GMC's appeal followed.

I.

On direct examination of Vivian, the following occurred:

Q   [Mr. Rego] How long had you been driving?
A   35 years.
Q   During that time, have you ever received a citation by any police department or anything of that sort?
MR. GREELEY: Objection, Your Honor.
THE COURT: Just one second.
MR. GREELEY: I don't see it has any materiality or relevancy to this case.

\*       \*       \*       \*       \*

MR. GREELEY: Your Honor, excuse me. I can't remember what I stated for grounds. Irrelevant, immaterial, and not competent, I guess.

---

[1] By an amended complaint, Ferreira later brought Aloha Motors, Inc. into the case as a party defendant. However, Aloha Motors obtained a partial summary judgment adjudging it not liable for any negligent inspection, testing and maintenance of the Monte Carlo, and General Motors Corporation ("GMC") accepted its tender of defense of Ferreira's products liability claim.

[2] Prior to trial, Ferreira settled her claim against the Carvalhos, and a stipulation dismissing the Civil No. 47570 complaint as to the Carvalhos was filed on November 1, 1978.

THE COURT: Very well. The court will overrule the objection. And you may answer the question.

\* \* \* \* \*

THE COURT: All right. Answer the question now.

THE WITNESS: No, I have no [sic] received any citation.

Q   BY MR. REGO: Mrs. Carvalho, were you involved in a — one prior accident involving a 1970 Buick about 1971?

A   Yes. We had just purchased that Buick, and I was going to work in the morning and it was a slippery morning and my car fishtailed. It was a one-car accident. The car fishtailed, swerved, and hit the embankment. I was not hurt.

\* \* \* \* \*

Q   BY MR. REGO: Were you given any traffic violations [sic] for that incident?

A   No, I was not.

Q   And was that —

MR. GREELEY: Excuse me, Your Honor. To be consistent, may I have the same objection to that last question? It's the same question again.

THE COURT: Overruled.

Transcript 10/31/79, at 557-59.

The foregoing testimony of Vivian indicates that not only did she receive no traffic citations prior to the August 7, 1974 accident, but she also was not cited for the accident in this case. GMC contends that the admission of such evidence over its objection was prejudicial and reversible error.[3] We agree.

---

[3] GMC also argues that the admission of the police report (Ferreira's Exhibit No. 1) over its objection was erroneous since the police report showed that Vivan M. Carvalho was not cited for the accident. However, GMC's objection at trial was on the ground of a lack of proper foundation for the admission of the police report.

First, in our jurisdiction, evidence of an acquittal on a criminal charge in connection with an automobile accident is inadmissible in a negligence case involving the same accident. In *Leong v. Honolulu Rapid Transit,* 52 Haw. 138, 144, 472 P.2d 505, 509 (1970), our supreme court stated that the fact that a person "was acquitted in the criminal proceedings (brought against him in connection with the accident) is not admissible in evidence, nor should it be mentioned by counsel to the jury."[4] If evidence of an acquittal is inadmissible, *a fortiori,* evidence of the issuance or nonissuance of a traffic citation is likewise inadmissible.

The general rule is that evidence of the issuance or nonissuance of traffic citations for the accident at issue is inadmissible. *Groves v. Compton,* 280 S.E.2d 708 (W. Va. 1981); *Cody v. Mustang Oil Tool Co., Inc.,* 595 S.W.2d 214 (Tex. 1980) and *Anderson v. Saunders,* 16 Wis.2d 55, 113 N.W.2d 831 (1962) hold that evidence of the issuance of traffic citations is inadmissible. Cases ruling that evidence of nonissuance is inadmissible include *Franco v. Zingarelli,* 72 A.D.2d 211, 424 N.Y.S.2d 185 (1980); *Chewakin v. St. Vincent,* 275 N.W.2d 300 (N.D. 1979); *Simpson v. Robinson,* 238 Pa. Super. 555, 361 A.2d 387 (1976); *Volk v. Goetz,* 206 So.2d 250 (Fla. App. 1967) and *Giles v. Kuennen,* 50 Ill. App. 2d 389, 200 N.E.2d 143 (1964).

The policy reason for the rule is that the effect of admitting such evidence is comparable to telling the jury that one party is at fault and the other is not. *Chewakin v. St. Vincent, supra.* Proof or absence of arrest should not serve as a basis for an inference of negligence or lack of negligence, respectively, in an accident case. *Franco v. Zingarelli, supra.* Thus, such evidence is irrelevant and prejudicial in misleading the jury to focus on a false issue. *Brown v. Royalty,* 535 F.2d 1024 (8th Cir. 1976).

---

[4] We note that in *Asato v. Furtado,* 52 Haw. 284, 474 P.2d 288 (1970), our supreme court held that a judgment of conviction in a prior criminal case is admissible as evidence in a subsequent civil suit based on the same transaction if certain factors are present. However, in *Asato,* our supreme court indicated in dicta that many minor traffic convictions are not admissible into evidence since they are not reliable indicators of guilt.

Second, the rule in our jurisdiction is that evidence of whether a party had ever been involved in an automobile accident previous to the date of the accident involved is inadmissible on the negligence issue. *Gilliam v. Gerhardt,* 34 Haw. 466 (1938), held:

It seems to be a universal rule that it cannot be shown as bearing upon the question of negligence on a particular occasion that a person whose conduct is involved was careful and prudent on other occasions. [*Id.* at 468-69.]

\*   \*   \*   \*   \*

The obvious effect of the question propounded to Miss Harmony [one of the automobile drivers] was to mislead the jury into the belief that because she had not been involved in any previous automobile accident it was proper to infer that in the present case she was free from blame. [*Id.* at 469-70.]

Cases in other jurisdictions follow the *Gilliam* rule. *Rouse v. Huffman,* 8 N.C. App. 307, 174 S.E.2d 68 (1970); *Hall v. Young,* 218 Ark. 348, 236 S.W.2d 431 (1951). *See also* Annot., 20 A.L.R.2d 1210 (1951 & Supp. 1982).

If evidence concerning previous automobile accidents is inadmissible, evidence of the receipt of or freedom from prior traffic citations is likewise irrelevant and inadmissible. *Hood v. Dealers Transport Co.,* 459 F.Supp. 684 (N.D. Miss. 1978); *Dean v. Johnston,* 281 Ala. 602, 206 So.2d 610 (1968); *Nesbit v. Cumberland Contracting Co.,* 196 Md. 36, 75 A.2d 339 (1950).

Also, testimony that a driver involved in an automobile accident had been a careful driver for many years is inadmissible on the negligence issue. *Bracht v. Palace Laundry Co.,* 156 Or. 151, 65 P.2d 1039 (1937).

The Carvalhos argue that the *Gilliam* rule is obsolete. They claim that the *Gilliam* court relied in part on Jones on Evidence, Second Edition (*Gillam, supra,* at 469) and that the Sixth Edition of Jones on Evidence "liberally allows evidence of prior accidents." (Supplemental Brief of Appellees at 3.) We disagree. 1 S. Gard, *Jones on Evidence* § 4:30, at 444 (6th ed. 1972) states:

The rule excluding evidence of character or reputation

to prove conduct, applies with special force in negligence cases. Very generally the courts have held that evidence of character, or reputation for care or negligence of one charged with primary or contributory negligence, is irrelevant or inadmissible on the issue of negligence. This is true whether the evidence offered is in the nature of reputation testimony, opinion testimony, or *evidence of specific previous accidents or lack of accidents.* [Footnote omitted.] [Emphasis added.]

The Carvalhos contend that even if the admission of evidence was error, the error was not prejudicial and, therefore, was harmless. We cannot agree. The issues of GMC's distribution of an alleged defective Monte Carlo and Vivian's alleged negligence were hotly contested. The inadmissible testimony of Vivian "may well have served to tip the balance in the minds of the jurors" in favor of Ferreira and the Carvalhos. *Simpson v. Robinson, supra,* 238 Pa. Super. at 558, 361 A.2d at 389. *See also Gilliam v. Gerhardt, supra.*[5]

## II.

Inasmuch as a retrial of the consolidated cases will be necessary, our comment on Ferreira's requested instruction no. 8 may be useful. The instruction read in pertinent part:

---

[5] Our opinion does not deal with the Hawaii Rules of Evidence (HRE) (Hawaii Revised Statutes ch. 626) which became effective on January 1, 1981, after the trial in this case.

However, even under the rules, Carvalho's testimony would be excluded. Evidence of a past driving record is not "of consequence to the determination of the action" at issue and, hence, would not be relevant evidence. Rule 401, HRE. *See Gilliam v. Gerhardt,* 34 Haw. 466 (1938). *Cf. State v. Agnasan,* 62 Haw. 252, 614 P.2d 393 (1980).

Even if relevant, the evidence must be excluded since its probative value, if any, is "substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury." Rule 403, HRE. *See Gilliam v. Gerhardt, supra.* There was no limiting instruction given to restrict the evidence's proper scope. Rule 105, HRE.

Carvalho argues that her driving record established for the jury her general practice as a safe driver. However, evidence of character or criminal convictions are generally not admissible to prove conduct and Carvalho's situation did not fall into any of the exceptions under Rules 404 and 609, HRE, respectively.

In determining damages sustained by the estate of Mr. Ferreira, you shall consider the following in light of the extent and nature of the injuries and under the evidence of the case:

\*   \*   \*   \*   \*

2. The reasonable compensation for any pain, and mental and emotional suffering.

GMC claims that the trial court erroneously failed to instruct the jury that only conscious pain and suffering is compensable. We agree.

In *Rohlfing v. Moses Akiona, Ltd.,* 45 Haw. 373, 397, 369 P.2d 96, 108 (1961) (overruled on other grounds, *Greene v. Texeira,* 54 Haw. 231, 505 P.2d 1169 (1973)), our supreme court said:

Our ruling is that the question of damages for pain and suffering should be viewed as one of fact. The jury must determine whether and to what extent *conscious* pain and suffering were sustained. [Emphasis added.]

*See also Brown v. Clark Equipment Company,* 62 Haw. 530, 618 P.2d 267 (1980).

Reversed and remanded.

*Burnham H. Greeley (Susan P. Walker, Stacey J. Hendrickson* and *Nadine Y. Ando,* with him on the briefs, *Carlsmith, Carlsmith, Wichman and Case,* of counsel) for defendant-appellant General Motors Corporation.

*John A. Chanin* for plaintiff-appellee Florence C. Ferreira.

*Anson O. Rego* for plaintiffs-appellees Vivian M. Carvalho and Charles. D. Carvalho.